| iPLOTKIN, Judge,
dissenting.
I would deny the State’s application for writs because there was no error in the ruling of the trial judge.
In the instant ease, the trial judge noted two problems with the affidavit supporting the warrants. First, he noted that the affidavit, which was styled as an application for an order to search 1200 and 1202 France Street, did not specify from which residence the seller emerged to conduct the two observed transactions. The judge accepted the testimony of Officer Marshall to clarify that the transactions occurred from 1200 France Street. The second problem noted by the trial court was the absence of any information in the warrant that reflected probable cause justifying a search of 1202 France Street. At the hearing, the officer testified that he observed the defendant go from 1200 France to 1202 France between transactions; however, that information was never placed in the affidavit. Therefore, the trial judge found that the search of 1202 France Street was invalid.
The- majority of the panel finds, under State v. Lingle, 436 So.2d 456 (La.1983), that there is probable cause to support the issuance of a search warrant for 1202 France Street once the omitted observations of Officer Marshall are added to the affidavit. It does appear that the trial judge erred by not retesting the warrant for probable cause in accordance with Lingle, and I agree that, under \%Lingle, an inadvertent omission can be considered in determining whether there was probable cause for the issuance of the warrant. I dissent, however, because I believe that even with this information included, the affidavit in support of a warrant for 1202 France Street is still deficient. The neighborhood watch group provided detailed information regarding drug trafficking from 1200 France Street, all of which was corroborated by independent police surveillance. However, the group offered no information concerning drug trafficking at 1202 France Street except that “the subjects also tend to utilize the vacant residence located at 1202 France St. to conduct their transactions.” Nowhere in the affidavit or in his testimony did Officer Marshall indicate that he had been told that 1202 France Street was being used as a storage facility for drugs.
In State v. Jupiter, 606 So.2d 1011 (La. App. 4th Cir.1992), the police received information from an untested confidential informant that crack cocaine was being sold from two sides of a double house, 3155 and 3157 Marais Street. The informant told the officers that he had made purchases from both residences and that the seller, identified as “Earl,” frequently moved the drugs between the two sides of the double. The police arranged for the informant to make a controlled buy from 3157 Marais while the police engaged in surveillance. During that time, the officers observed a woman approach 3157 Marais, knock on the door, then go to 3155 Marais when she received no response. The woman was admitted into 3155 Marais. The officers applied for and received search warrants for both addresses. The trial court later granted the motion to suppress evidence from 3157 Marais; this Court reversed, noting that the magistrate’s determination was entitled to great deference, the activities were consistent with drug trafficking, the informant’s tip was corroborated, thus making reliable the information that both sides of the double house were being used for drug sales and that the drugs were frequently moved between the two.
|¡¡In Jupiter, the police had available information that specifically indicated that both addresses were used to store drugs. The police also had the informant’s statement that he had purchased drugs from both residences. In contrast, the officer in this case had only the vague information that drug sellers “tend[ed] to utilize” 1202 France Street. The only corroboration for this vague reference to 1202 France Street was the information, omitted from the affidavit, that the resident of 1200 France Street went into 1202 France Street during the period between the two observed transactions.
*850 Finally, the State argued that even if the application and the warrant were facially deficient, the search still should be upheld due to the “good faith” exceptions to the warrant requirement because the officers believed that the warrant was valid when they executed it. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Leon, the Court noted that evidence seized pursuant to a warrant for which there was no probable cause need not be suppressed if the officers who executed the warrant believed the warrant was validly issued. The Court listed four instances, however, where suppression remains the appropriate remedy for a search pursuant to an invalid warrant: (1) the affiant misled the magistrate by including in the affidavit misleading statements which the affiant knew were false or which he would have known were false except for his reckless disregard for the truth; (2) the magistrate abandoned his neutral and detached role; (3) the affidavit was “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable”; or (4) the warrant was so facially deficient that it could not be presumed to be valid.
Here, the State claimed that the affidavit was not recklessly prepared nor was it a merely “bare bones” affidavit such that it was facially deficient. However, the affidavit as prepared provided no information that would support a search of 1202 France Street; the details all pertained to 1200 France Street. | therefore, the fourth exception to the “good faith” rule applies to this case. I find no error in the trial judge’s decision to suppress the evidence and would deny the State’s application for writs.